FIRST NATIONAL BANK, Appellant, v. WALGREN,

Respondent.

(216 N. W. 946.)

(File No. 6338.   Opinion filed December 31, 1927.)

*H. A. Robinson,* of Yankton, and *Rice & Rice,* of Flandreau, for Appellant.

*Clark & Henderson,* of Yankton, for Respondent.

SHERWOOD, J. On December 1, 1922, E. O. Walgren, a public accountant, admitted to practice before the Treasury Department in income tax matters, entered into a .written contract with appellant, by the terms of which he agreed to install for appellant one of his depreciation records, audit appellant's income tax returns for the years 1917 to 1921, inclusive, make amended returns or schedules, and look after all correspondence relative to such returns made out by him until finally disposed of. It was further agreed that when Walgren had completed the amended returns or schedules the bank should pay him 25 per cent of the face of such claim for refund. If any of such claims were disallowed by the internal revenue department, Walgren agreed to refund 25 per cent of such disallowance, plus interest at 6 per cent per annum.

About the 8th day of January, 1923, a new agreement in writing was made between them, in which it was agreed that Walgren had refigured the income tax as agreed, and according to his figures the bank had overpaid the government $2,793.22 during said five years. It was further agreed that the bank had paid Walgren $698.30, which was his fee of 25 per cent as agreed, and that Walgren should prepare claims for the refund and present

the same to the treasury department in Washington, "and prosecute the same to final conclusion," and, if the amount above named should be refunded to the bank, Walgren was entitled to retain the fee of $698.30 paid him. It was further agreed, if a refund or abatement in an amount other than $2,793.22 was made to the bank, then Walgren should return the difference between 25 per cent of such sum and the $698.30 he received, with 6 per cent interest.

On the 2d day of May, 1923, the government refunded to the bank upon these schedules so prepared by Walgren the sum of $2,437.08. Thereafter Walgren offered and tendered to appellant a refund of the protionate share of the fee paid him. This tender the bank refused solely on the ground of a disagreement in the amount of such refund tendered.

The application made by Walgren for a refund and the refund to the bank made by the Treasury Department were based on rules and decisions made by such department then in full force and effect for the purpose of interpreting and administering the internal revenue laws of the United States.

The refund so made was made on account of the applications prepared by Walgren. There is no claim that any error or mistake was made in figuring these refunds or that they were not properly made under the rulings of the department then in force.

In 1923 changes were made in the method of determining invested capital depreciation and the value of furniture and fixtures, and during the year 1925 the Treasury Department made a new assessment against appellant for the years 1917, 1918, 1919, and 1920 under which the appellant was compelled to pay, in May, 1925, the sum of $2,398.09, as income tax for those years.

It is appellant's contention that Walgren agreed to prosecute to "final conclusion" and this reassessment in effect amounted to a rejection of the claim filed by Walgren; therefore appellant is entitled to a refund of 25 per cent of this new assessment. It is sufficient answer to this contention to say Walgren only agreed to prosecute to "final conclusion" the claims he filed, and this contract was fully performed when the refund was made.

The refunds were made strictly in accordance with the rules of the department up to that time. They were made absolutely and without any condition. There was no claim of mistake.

The reassessment was not based on any act of defendant or any proceeding or schedule made by him. To now hold Walgren liable would be to hold that he agreed the government would not change its mode of valuing and assessing property and would never make a reassessment thereon.

There is no language in either contract which by any fair interpretation could be construed to mean that defendant entered into any such agreement.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.